UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIAS E. CUELLAR-MARTINEZ,

Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX
DETENTION FACILITY, et al.,

Respondent.

No.  1:26-cv-00054 CSK

ORDER

Petitioner is an immigration detainee, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [1]  For the following reasons, this action is dismissed.

In the petition, petitioner argues that his prolonged detention without a hearing before a neutral decision-maker to determine that petitioner's detention is justified by clear and convincing evidence of flight risk or danger violates his right to due process.  (ECF No. 1 at 16-17.)  As relief, petitioner seeks immediate release or a bond hearing.  (Id. at 17.)  On February 2, 2026, the Court's order that was served on petitioner on January 21, 2026 was returned as "undeliverable" with a "not in custody" remark.  On March 3, 2026, this Court ordered respondents to file a status

---

[1]  The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 13.)

1

report addressing petitioner's status, including whether petitioner was still detained. (ECF No. 18.) On March 3, 2026, respondents filed a status report informing the Court that petitioner was released from detention on an order of supervision on January 16, 2026. (ECF No. 19.) Respondents argue that this action should be dismissed as moot. (Id.)

On March 4, 2026, the Court issued an order to show cause to petitioner why this action should not be dismissed as moot. Petitioner's response was due within fourteen days and he was warned that failure to respond to this order may result in dismissal. (ECF No. 20.) As of March 23, 2026, petitioner has not responded to the order to show cause. (See Docket.)

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In his habeas petition, petitioner challenged his prolonged detention. (ECF No. 1.) Petitioner was released on or about January 21, 2026 (ECF No. 19), and there has been no remaining collateral consequence identified. Therefore, this habeas petition no longer presents a live controversy and is dismissed as moot. See Abdala, 488 F.3d at 1064; see also Flores-Torres v. Mukasey, 548 F.3d 708, 710 n. 3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a hearing because the petitioner had subsequently received a hearing); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED; and

2. The Clerk of the Court is directed to close this case.

Dated: March 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mart54.dis/2

2